GUIDRY, Judge,
dissenting.
The majority finds that defendant violated two Coast Guard regulations the substance of which are fully set forth in the majority opinion. I agree that the record affords a reasonable factual basis for such conclusion. However, defendant’s failure to comply with these regulations, although negligence per se, cannot be considered a causative factor of plaintiff’s injury unless the record establishes that job-related stress caused or contributed to plaintiff’s injury. The majority finds a sufficient basis in the record for the jury’s finding of connexity. I respectfully disagree.
I am unable to find in the record any evidence which would support the conclusion that, in terms of reasonable medical probability, plaintiff’s light stroke was caused by job-related stress. The record reflects that several years prior to plaintiff’s cerebral vascular accident he suffered a heart attack. For sometime prior thereto and continuously thereafter plaintiff suffered from hypertension. During the 2V2 year period of plaintiff’s employment with defendant he was treated for his hypertension and other various problems by his physician, Dr. Cecil Clark. Each time, during this period, that Dr. Clark had occasion to treat plaintiff he released him to return to sea duty and never once advised plaintiff, as his patient, that the ordinary and usual stress of sea duty might cause him to suffer a stroke. It is true that the medical experts who testified admitted that unusual stress can contribute along with many other facts, i. e., obesity, hypertension, cholesterol, etc., to a heart attack or stroke, however, none of the medical experts testified that job-related stress was a cause of plaintiff’s cerebral vascular accident. Further, I am unable to find in the record any evidence that plaintiff was subjected to any particular job-related physical or mental stress. Although there was but one Ocean Operator aboard the Miss Judy, in violation of Coast Guard regulations, there is no evidence that this fact caused any stress or strain on plaintiff. For the most part the Miss Judy, although out in the Gulf of Mexico for several days at a time, never worked more than twelve hours at a time and usually less. During the remainder of the 24 hour period she was tied up to a platform standing by, during which period the crew had no duties. Plaintiff’s cerebral vascular accident occurred sometime during the night of August 27, 1974 while he was asleep. He and others only became aware of his condition after he awoke on the following morning. Clearly he was not under any stress or strain at the time of accident.
In summation, my review of the record, in light of the limited review allowed appellate courts in such cases (See Trahan v. Gulf Crews, Inc., 260 La. 29, 255 So.2d 63 (1971); Hocut v. Insurance Company of North America, 254 So.2d 108 (La.App. 3rd *186 Cir. 1971)), fails to disclose to me any evidence which would support the conclusion that any negligent act or acts of defendant caused or contributed even slightly to plaintiff’s injury. For these reasons I respectfully dissent.